IN THE UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

OCT 9 2019 PM 12:25
FILED-USDC-CT-NEW.HAVEN

AARON THOMPSON

        PETITIOINER        Dist. No. 3:09-cr-111(AWT)

v.

UNITED STATES OF AMERICA

        RESPONDENT

WRIT OF MANDAMUS PURSUANT

TO 28 USC 1651(a)

Now comes, AAron Thompson, "The Petitioner" in the above captioned matter, requesting that this court exercise its supervisory powers, under 28 USC 1651(a) and direct the district court to rule on his pending motion, pursuant to 18 USC 3582(c)(1)(B). Mr. Thompson sates that the inordinate delay has caused him irreparable harm and any further delay will make his pending motion, ineffective. Essentially, it will deny him the benefits of section 404 of the First Step Act. "The Act".

JURISDICTION:

This court has jurisdiction to hear Mr. Thompson's claim pursuant to 28 USC 1651(a). "The premotory writ of Mandamus has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to

exercise its authority when it is its duty to do so". See Albert v. Dooling 475 F.2d 355, 632 (2nd Cir. 1972). Therefore, Mr. Thompson is asking that this court direct the district court to rule on his pending 3582 motion, for reasons stated below.

STANDARDS TO OBTAIN MANDAMUS:

To obtain mandamus, Mr. Thompson must meet either of the following requirements:

i) The party seeking issuance of the writ must have no other adequate means to attain the relief it desires;

ii) The issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances; and

iii) The petitioner must demonstrate that the right to the writ is clear and indisputable. See In re. The City of New York, 607 F. 3d 923, 932-33 (2d Cir. 2010).

BACKGROUND:

On November 30, 2009, Mr. Thompson pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 USC sec. 841(a)(1), 841(b)(1)(A);

Mr. Thompson entered to a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) that requested the imposition of a sentence of 168 months imprisonment.

The Guidelines at Mr. Thompson's original sentencing reflected an offense level based upon a quantity of at least 4.5 kilograms of cocaine base involved in the conspiracy plus a four-level role enhancement;

Mr. Thompson entered federal custody at the time of his initial arrest on May 1, 2019 and he has remained in custody since then;

On December 21, 2018, President Donald Trump signed in to law the First Step Act, which made the Fair Sentencing Act retroactive to Mr. Thompson, see section 404 of "The Act",

The Act changed the statutory penalties as it relates to Mr. Thompson offense fro 21 USC 841(b)(1)(A) to 21 USC sec. 841(b)(1)(B);

2

On April 17, 2019 Mr. Thompson filed a motion for immediate release or re-sentencing pursuant to "The Act", relying on section 404;

On April 30, 2019, the U.S. Probation Office filed a PSR addendum stating that Mr. Thompson's conviction is a covered offense and that the applicable mandatory minimum has been lowered from 10 years to 5 years;

On August 20, 2019 the Bureau of prison advised Mr. Thompson that his statutory good time has been updated and his projected release date has changed from August 28, 2020 to May 29, 2020;

The Burea of prisons has also advised Mr. Thompson that his RRC is now January of 2020, meaning that he will be released to community custody around that time.

ARGUMENT:

Mr. Thompson who is represented in the district court by appointed counsel is not represented by counsel as it relates to the writ and therefore he asked that the court construe his pleadings liberally. His claim is straight forward, put simply, the delay is inordinate, because his motion pursuant to 3582 will be ineffective, based on his approaching release date. More specifically, he has approximately 4 months remaining to serve while the modification of his sentence pursuant to sec. 404 of the "The Act" affords him a reduction of sentence, which will result in a final sentence of 134 months, which considering the totality of his situation will make him qualify for immediate release.

Additionally, he states that there is no other alternative to obtain relief, because his appointed cousel has informed him so. Therefore he is asking that the 2nd circuit court of appeals exercise its discretion and compel the district court to rule on his petition. "Mandamus lie, in the sound discretion of the appellate court, where the trial court has exceeded or wrongfully refused to exercise its judicial power or has committed a clear abuse of discretion" See Grace Lines, Inc. V. Motley 439 F. 2d 1028 (2nd Cir. 1970) n. 2.

3

IN THE UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

```
OCT 9 2019 PM 12:25
FILED-USDC-CT-NEW HAVEN
```

AARON THOMPSON

    PETITIONER

Dist. No 3:09-cr-111(AWT)

v.

UNITED STATES OF AMERICA

    RESPONDENT

MOTION TO PROCEED IN FORMA PAUPERIS

Now comes, AAron Thompson, "The Petitioner" in the above captioned matter, requesting that the court grant him Forma Pauperis in order to proceed with the adjudication of his pending motion, for a writ of mandamus.

He states that based on his prison income and family resources he is unable to pay the filing fee.

Respectfully Submitted,

*Aaron Thompson*

AAron Thompson

Federal Medical Center, Devens Ma

Po Box 879

Ayer Ma, 01432

CERTIFICATE OF SERVICE

I AAron Thompson, certify that On October 7, 2019, I mailed a copy of this motion by First Class Mail, United States Postal Service and the Government will be notified electronically.

The filing by the clerk of courts in ECF will generate the electronic notification to the government.

Respectfully Submitted,

*AAron Thompson*
AAron Thompson

October 7, 2019

Aaron Thompson -
Federal Medical Center Devens, MA
PO Box 879
Ayer MA 01432

United States District Court
Richard C Lee US Courthouse
141 Church St, Room 214
New Haven CT- 06510

06510-207899